# EXHIBIT C

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ACCESS GROUP F/K/A TKT SOLUTIONS, INC.,<br><br>PLAINTIFF,<br><br>v.<br><br>TODD BYRD, COREY BRILL, TICKET AVENUE CORP., AND BSQ CAPITAL, LLC,<br><br>DEFENDANTS. | NO. 2024-L-012201 |

### MEMORANDUM OPINION AND ORDER

Defendant Todd Byrd ("Byrd") moves to dismiss Plaintiff Access Group f/k/a TKT Solutions, Inc.'s ("Access Group") complaint. He asserts *as affirmative matter* that Access Group's failure to provide him with fourteen days' notice voids the restrictive covenants it invokes. Secondly, Byrd argues *as affirmative matter* the restrictive covenants are facially overbroad and unenforceable. Lastly, Byrd argues Access Group fails to allege the existence of a protectable trade secret.

Separately, Defendants Corey Brill ("Brill"), Ticket Avenue Corp. ("Ticket Avenue"), and BSQ Capital, LLC ("BSQ") (collectively, "Brill") move to dismiss counts II (violation of the Illinois Trade Secrets Act) and IV (tortious interference with contract) of Access Group's complaint.  They assert it fails to allege the misappropriation of a protectable trade secret, the existence of a valid and enforceable non-compete agreement, Ticket Avenue's awareness and intentional breach, and damages. Moreover, Brill raises *as affirmative matters* that the restrictive covenants are facially overbroad and unenforceable and that the lack of notice voids the restrictive covenants.

The court may dismiss a pleading only when "no set of facts could be proven that would entitle the plaintiff to relief." *Turcios v. De Bruler Co.*, 2015 IL 117962, ¶ 15. By contrast, where the pleading merely fails to plead a cause of action, the court may strike the pleading and allow leave to amend. *Santelli v. City of Chicago*, 222 Ill. App. 3d 862, 871 (1st Dist. 1991) (sixth amended complaint allowed); cf. 735 ILCS 5/2-616(a). The court views all well-pleaded facts and resulting inferences as true. *Nelson v. Quarles & Brady, LLP*, 2013 IL App (1st) 123122, ¶ 27. The court must first determine "that a legally sufficient cause of action ha[s] been stated" before it addresses a motion to dismiss grounded on affirmative matter. *Talbert v. Home Sav. of Am., F.A.*, 265 Ill. App. 3d 376, 379 (1st Dist. 1994).

Access Group fails to plead sufficiently. It fails to allege the existence of a protectable trade secret. It makes vague explanations about the nature of the alleged trade secrets but fails to set forth any "concrete secrets." *See Nat'l Tractor Parts, Inc. v. Caterpillar Logistics Inc.*, 2020 IL App (2d) 181056, ¶ 46 (summary judgment affirmed); *see also* 765 ILCS 1065/2(d). Moreover, Access Group fails to plead any facts to show that Byrd, Brill, Ticket Avenue, and BSQ Capital misappropriated those trade secrets to use in their business.

Moreover, Access Group fails to plead that it provided proper notice. 820 ILCS 90/20. Access Group pleads it gave Byrd a draft on December 26, 2021, and an updated draft on January 5, 2022, which he signed. However, it fails to plead that it gave Byrd the proper notice to consult an attorney and that he had at least fourteen calendar days to review the agreement before signing. *Id.* Additionally, Access Group fails to allege facts to show the court may enforce the restrictive covenants.

For the reasons stated, the court strikes the complaint, with leave to re-plead. Because the court finds the complaint insufficient, the court does not address the other dismissal arguments grounded in affirmative matter. Access Group shall file an amended complaint on or before April 24, 2025. Byrd, Brill, Ticket Avenue, and BSQ Capital shall respond or otherwise plead on or before May 1, 2025. The court strikes the oral argument scheduled for April 17, 2025, at 10 AM. The parties shall appear for a status hearing on May 6, 2025, at 9 AM via Zoom or in person in Courtroom 1912. The Zoom meeting ID is 921 0771 7798. The password is 881878.

**Entered the 16th of April 2025**

**Chicago, Illinois**

_____

**Thomas More Donnelly**

**Judge**

**Circuit Court of Cook County**

Judge Thomas More Donnelly

APR 16 2025

Circuit Court - 1803