UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD HAYES,

                Plaintiff,

      vs.                                     **ANSWER**

CAYUGA HOME FOR CHILDREN, INC., ANDY        **Case No.:** 1:25-cv-09333
LOPEZ-WILLIAMS, ELAINE BUFFINGTON,
BUFFINGTON & HOATLAND CPAs LLC, and
DANNIBLE & McKEE, LLP,

                Defendants.

Defendant Andy Lopez-Williams ("Lopez-Williams" or "Defendant"), by and through their attorneys, Woods Oviatt Gilman LLP, as and for an Answer to Plaintiff's Complaint, state as follows:

## NATURE OF THE ACTION

1. The allegations contained in Paragraph 1 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 1.

2. The allegations contained in Paragraph 2 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 2.

3. The allegations contained in Paragraph 3 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 3.

4. The allegations contained in Paragraph 4 of the Complaint state a legal conclusion and Plaintiff's characterization of events to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 4.

5. The allegations contained in Paragraph 5 of the Complaint state a legal conclusion and Plaintiff's characterization of events to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.

6. The allegations contained in Paragraph 6 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 6.

7. The allegations contained in Paragraph 7 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 7.

## PARTIES, JURISDICTION, AND VENUE

8. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and therefore denies them.

9. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and therefore denies them

10. Admitted

11. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and therefore denies them.

12. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and therefore denies them.

4933-3137-3955, v. 2

13.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and therefore denies them.

14.     The allegations contained in Paragraph 14 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 14.

15.     The allegations contained in Paragraph 15 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 15.

16.     The allegations contained in Paragraph 16 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 16.

17.     The allegations contained in Paragraph 17 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 17.

18.     The allegations contained in Paragraph 18 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 18.

### SATISFACTION OF STATUTORY PREREQUISITES

19.     With respect to Paragraph 19 of the Complaint, Defendant admits that Plaintiff submitted a Charge to the EEOC on or about June 2, 2025, and the remaining allegations contain legal conclusions to which no response is required; however, to the extent a response is required, Defendant denies the allegations contained therein.

4933-3137-3955, v. 2

20. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, except that Defendant admits only so much of Paragraph 20 as alleges that there was a government shut down began on or about October 1, 2025, and Defendant denies so much of Paragraph 20 as alleges the shutdown was ongoing as of the date the Complaint was filed.

21. The allegations contained in Paragraph 21 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 21.

22. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and therefore denies them.

## STATEMENT OF FACTS

23. The allegations contained in Paragraph 23 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 23.

24. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, except that Defendant admits only so much of Paragraph 24 as alleges that Plaintiff formerly served as the President and CEO of Cayuga.

25. The allegations contained in Paragraph 25 of the Complaint contain Plaintiff's characterization, to which no response is required. To the extent a response is required, the allegations in Paragraph 25 are denied, except that Defendant admits only so much of Paragraph 25 as alleges that Cayuga operates in New York, Illinois, California, and Florida.

4933-3137-3955, v. 2

26. The allegations contained in Paragraph 26 of the Complaint contain Plaintiff's characterization, to which no response is required. To the extent a response is required, the allegations in Paragraph 26 are denied.

27. The allegations contained in Paragraph 27 of the Complaint contain Plaintiff's characterization, to which no response is required. To the extent a response is required, the allegations in Paragraph 27 are denied.

28. The allegations contained in Paragraph 28 of the Complaint contain Plaintiff's characterization of the Employment Contract dated November 14, 2012, to which no response is required. To the extent a response is required, Defendant admits only so much of Paragraph 28 as alleges the existence of the Employment Contract dated November 14, 2012, in the form attached to Plaintiff's Complaint as Exhibit B, the contents of which speaks for itself. Defendant respectfully refers the Court to the Employment Contract for a complete statement of its contents and denies any allegations inconsistent therewith.

29. Denied.

30. The allegations contained in Paragraph 30 of the Complaint contain Plaintiff's characterization of certain events and correspondence dated June 27, 2024, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the correspondence dated June 27, 2024 for a complete statement of its contents and denies any allegations inconsistent therewith.

31. The allegations contained in Paragraph 31 of the Complaint contain Plaintiff's characterization of the correspondence dated June 27, 2024, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the correspondence

5

dated June 27, 2024 for a complete statement of its contents and denies any allegations inconsistent therewith.  Defendant denies all other allegations contained in Paragraph 31.

32.	The allegations contained in Paragraph 32 of the Complaint state Plaintiff's characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 32.

33.	Defendant denies the allegations contained in Paragraph 33 of the Complaint except that Defendant admits only so much of Paragraph 33 as alleges that J.C. Polanco once served as interim Board chair and that Lopez-Williams was later elected to be Board chairperson.

34.	Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint, except that Defendant admits only so much of Paragraph 34 as alleges that Lopez-Williams engaged in discussions with Hayes regarding his Employment Agreement.

35.	The allegations contained in Paragraph 35 of the Complaint contain Plaintiff's characterization, to which no response is required.  To the extent a response is required, Defendant admits only so much of Paragraph 35 as alleges that a workgroup related to discussing a new contract was formed in or around October 2024.

36.	The allegations contained in Paragraph 36 of the Complaint contain Plaintiff's characterization of the correspondence dated November 20, 2024, to which no response is required.  To the extent a response is required, Defendant admits only so much of Paragraph 36 as alleges the existence of the correspondence dated November 20, 2024, in the form attached to Plaintiff's Complaint as Exhibit D, the contents of which speaks for itself.  Defendant respectfully refers the Court to the correspondence dated November 20, 2024 for a complete statement of its contents and denies any allegations inconsistent therewith.

6

37. The allegations contained in Paragraph 37 of the Complaint contain Plaintiff's characterization of events to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 37.

38. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and therefore denies them.

39. Defendant admits only so much of Paragraph 39 as alleges that Plaintiff advised that he requested intermittent leave under FMLA on or about February 20, 2025. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39 of the Complaint and therefore denies them.

40. The allegations contained in Paragraph 40 of the Complaint state a legal conclusion and Plaintiff's characterization to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 40.

41. Denied.

42. The allegations contained in Paragraph 42 of the Complaint contain Plaintiff's characterization of events to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 42, except that Defendant admits only so much of Paragraph 42 as alleges that Lopez-Williams told Plaintiff not to attend the Board meeting held on February 26, 2025.

43. The allegations contained in Paragraph 43 of the Complaint contain Plaintiff's characterization of the correspondence dated February 27, 2025, to which no response is required. To the extent a response is required, Defendant admits only so much of Paragraph 43 as alleges the existence of the correspondence dated February 27, 2025, in the form attached to Plaintiff's Complaint as Exhibit E, the contents of which speaks for itself. Defendant respectfully refers the

7

Court to the correspondence dated February 27, 2025 for a complete statement of its contents and denies any allegations inconsistent therewith. Defendant denies all other allegations contained in Paragraph 43.

44. The allegations contained in Paragraph 44 of the Complaint contain Plaintiff's characterization of the correspondence dated February 27, 2025, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the correspondence dated February 27, 2025 for a complete statement of its contents and denies any allegations inconsistent therewith. Defendant denies all other allegations contained in Paragraph 44.

45. The allegations contained in Paragraph 45 of the Complaint contain Plaintiff's characterization of the correspondence dated February 27, 2025, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the correspondence dated February 27, 2025 for a complete statement of its contents and denies any allegations inconsistent therewith. Defendant denies all other allegations contained in Paragraph 45.

46. The allegations contained in Paragraph 46 of the Complaint contain legal conclusions and Plaintiff's characterization of the correspondence dated February 27, 2025, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the correspondence dated February 27, 2025 for a complete statement of its contents and denies any allegations inconsistent therewith. Defendant denies all other allegations contained in Paragraph 46.

47. The allegations contained in Paragraph 47 of the Complaint contain legal conclusions and Plaintiff's characterization of the correspondence dated February 27, 2025, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the correspondence dated February 27, 2025 for a complete statement of its contents

4933-3137-3955, v. 2

and denies any allegations inconsistent therewith.  Defendant denies all other allegations contained in Paragraph 47.

48.     The allegations contained in Paragraph 48 of the Complaint contain legal conclusions and Plaintiff's characterization of the correspondence dated February 27, 2025, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the correspondence dated February 27, 2025 for a complete statement of its contents and denies any allegations inconsistent therewith.  Defendant denies all other allegations contained in Paragraph 48.

49.     The allegations contained in Paragraph 49 of the Complaint contain legal conclusions and Plaintiff's characterization of the correspondence dated February 27, 2025, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the correspondence dated February 27, 2025 for a complete statement of its contents and denies any allegations inconsistent therewith.  Defendant denies all other allegations contained in Paragraph 49.

50.     The allegations contained in Paragraph 50 of the Complaint contain legal conclusions and Plaintiff's characterization of the correspondence dated February 27, 2025, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the correspondence dated February 27, 2025 for a complete statement of its contents and denies any allegations inconsistent therewith.  Defendant denies all other allegations contained in Paragraph 50.

51.     The allegations contained in Paragraph 51 of the Complaint contain legal conclusions and Plaintiff's characterization of the correspondence dated February 27, 2025, to which no response is required.  To the extent a response is required, Defendant respectfully refers

4933-3137-3955, v. 2

the Court to the correspondence dated February 27, 2025 for a complete statement of its contents and denies any allegations inconsistent therewith. Defendant denies all other allegations contained in Paragraph 51.

52. The allegations contained in Paragraph 52 of the Complaint contain legal conclusions and Plaintiff's characterization of the correspondence dated February 27, 2025, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the correspondence dated February 27, 2025 for a complete statement of its contents and denies any allegations inconsistent therewith. Defendant denies all other allegations contained in Paragraph 52.

53. The allegations contained in Paragraph 53 of the Complaint contain legal conclusions and Plaintiff's characterization of the correspondence dated February 27, 2025, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the correspondence dated February 27, 2025 for a complete statement of its contents and denies any allegations inconsistent therewith.

54. The allegations contained in Paragraph 54 of the Complaint contain Plaintiff's characterization of the correspondence dated February 27, 2025, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the correspondence dated February 27, 2025 for a complete statement of its contents and denies any allegations inconsistent therewith. Defendant denies all other allegations contained in Paragraph 54.

55. Denied.

56. The allegations contained in Paragraph 56 of the Complaint contain Plaintiff's characterization of the correspondence dated March 21, 2025, to which no response is required. To the extent a response is required, Defendant admits only so much of Paragraph 56 as alleges

4933-3137-3955, v. 2

the existence of the correspondence dated March 21, 2025, in the form attached to Plaintiff's Complaint as Exhibit F, the contents of which speaks for itself. Defendant respectfully refers the Court to the correspondence dated March 21, 2025 for a complete statement of its contents and denies any allegations inconsistent therewith. Defendant denies all other allegations contained in Paragraph 56.

57. The allegations contained in Paragraph 57 of the Complaint contain Plaintiff's characterization of the correspondence dated March 21, 2025, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the correspondence dated March 21, 2025 for a complete statement of its contents and denies any allegations inconsistent therewith. Defendant denies all other allegations contained in Paragraph 57.

58. The allegations contained in Paragraph 58 of the Complaint contain legal conclusions and Plaintiff's characterization of the correspondence dated March 21, 2025, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the correspondence dated March 21, 2025 for a complete statement of its contents and denies any allegations inconsistent therewith. Defendant denies all other allegations contained in Paragraph 58.

59. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint and therefore denies them.

60. The allegations contained in Paragraph 60 of the Complaint contain Plaintiff's characterization to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 60.

61.     The allegations contained in Paragraph 61 of the Complaint contain Plaintiff's characterization of events to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 61.

62.     Denied.

63.     The allegations contained in Paragraph 63 of the Complaint contain Plaintiff's characterization of the correspondence dated April 11, 2025, to which no response is required.  To the extent a response is required, Defendant admits only so much of Paragraph 63 as alleges the existence of the correspondence dated April 11, 2025, in the form attached to Plaintiff's Complaint as Exhibit G, the contents of which speaks for itself.  Defendant respectfully refers the Court to the correspondence dated April 11, 2025 for a complete statement of its contents and denies any allegations inconsistent therewith.

64.     The allegations contained in Paragraph 64 of the Complaint contain Plaintiff's characterization of the correspondence dated April 11, 2025, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the correspondence dated April 11, 2025 for a complete statement of its contents and denies any allegations inconsistent therewith.  Defendant denies all other allegations contained in Paragraph 64.

65.     The allegations contained in Paragraph 65 of the Complaint contain Plaintiff's characterization of the correspondence dated April 11, 2025, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the correspondence dated April 11, 2025 for a complete statement of its contents and denies any allegations inconsistent therewith.  Defendant denies all other allegations contained in Paragraph 65.

66.     The allegations contained in Paragraph 66 of the Complaint contain Plaintiff's characterization of the correspondence dated April 17, 2025, to which no response is required.  To

4933-3137-3955, v. 2

the extent a response is required, Defendant admits only so much of Paragraph 66 as alleges the existence of the correspondence dated April 17, 2025, in the form attached to Plaintiff's Complaint as Exhibit H, the contents of which speaks for itself. Defendant respectfully refers the Court to the correspondence dated April 17, 2025 for a complete statement of its contents and denies any allegations inconsistent therewith.

67. The allegations contained in Paragraph 67 of the Complaint contain Plaintiff's characterization of the correspondence dated April 25, 2025, to which no response is required. To the extent a response is required, Defendant admits only so much of Paragraph 67 as alleges the existence of the correspondence dated April 25, 2025, in the form attached to Plaintiff's Complaint as Exhibit I, the contents of which speaks for itself. Defendant respectfully refers the Court to the correspondence dated April 25, 2025 for a complete statement of its contents and denies any allegations inconsistent therewith. Defendant denies all other allegations contained in Paragraph 67.

68. The allegations contained in Paragraph 68 of the Complaint contain Plaintiff's characterization of the correspondence dated April 25, 2025, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the correspondence dated April 25, 2025 for a complete statement of its contents and denies any allegations inconsistent therewith. Defendant denies all other allegations contained in Paragraph 68.

69. The allegations contained in Paragraph 69 of the Complaint contain Plaintiff's characterization of the correspondence dated April 25, 2025, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the correspondence dated April 25, 2025 for a complete statement of its contents and denies any allegations inconsistent therewith. Defendant denies all other allegations contained in Paragraph 69.

4933-3137-3955, v. 2

70.     The allegations contained in Paragraph 70 of the Complaint contain Plaintiff's characterization of events to which no response is required.  To the extent a response is required, Defendant admits only so much of Paragraph 70 as alleges that Plaintiff was provided a notice dated May 1, 2025 advising of the 60-day notice to terminate Plaintiff's Employment Agreement with Cayuga.  Defendant respectfully refers to the correspondence dated May 1, 2025 for a complete statement of its contents and denies any allegations inconsistent therewith.

71.     The allegations contained in Paragraph 71 of the Complaint contain Plaintiff's characterization of events to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 71.

72.     Denied.

73.     The allegations contained in Paragraph 73 of the Complaint contain Plaintiff's characterization of events to which no response is required.  To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint and therefore denies them.

74.     Denied.

75.     The allegations contained in Paragraph 75 of the Complaint contain legal conclusions and Plaintiff's characterization of events to which no response is required.  To the extent a response is required, the allegations in Paragraph 75 are denied.

76.     The allegations contained in Paragraph 76 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 76.

4933-3137-3955, v. 2

# COUNT I
## ADA- DISCRIMINATION
### (AGAINST CAYUGA)

77. With respect to Paragraph 77 of the Complaint, Defendant repeats and realleges their responses to all prior paragraphs as if fully set forth herein.

78. The allegations contained in Paragraph 78 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 78.

79. The allegations contained in Paragraph 79 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 79.

80. The allegations contained in Paragraph 80 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 80.

81. The allegations contained in Paragraph 81 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 81.

82. The allegations contained in Paragraph 82 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 82.

83. The allegations contained in Paragraph 83 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 83.

4933-3137-3955, v. 2

84.     With respect to Paragraph 84 of the Complaint, Defendant repeats and realleges their responses to all prior paragraphs as if fully set forth herein.

85.     The allegations contained in Paragraph 85 state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 85.

86.     The allegations contained in Paragraph 86 state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 86.

87.     The allegations contained in Paragraph 87 state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 87.

88.     The allegations contained in Paragraph 88 state a legal conclusion and Plaintiff's characterizations, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 88.

89.     The allegations contained in Paragraph 89 state a legal conclusion and Plaintiff's characterizations, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 89.

90.     The allegations contained in Paragraph 90 state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 90.

4933-3137-3955, v. 2

## COUNT III
## ADEA- DISCRIMINATION
## (AGAINST CAYUGA)

91. With respect to Paragraph 91 of the Complaint, Defendant repeats and realleges their responses to all prior paragraphs as if fully set forth herein.

92. The allegations contained in Paragraph 92 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 92.

93. The allegations contained in Paragraph 93 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 93.

94. The allegations contained in Paragraph 94 state a legal conclusion and Plaintiff's characterization, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 94.

95. The allegations contained in Paragraph 95 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 95.

96. The allegations contained in Paragraph 96 state a legal conclusion and Plaintiff's characterization, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 96.

97. The allegations contained in Paragraph 97 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 97.

4933-3137-3955, v. 2

**COUNT IV**
**ADA- RETALIATION**
**(AGAINST CAYUGA)**

98. With respect to Paragraph 98 of the Complaint, Defendant repeats and realleges their responses to all prior paragraphs as if fully set forth herein.

99. The allegations contained in Paragraph 99 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 99.

100. The allegations contained in Paragraph 100 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 100.

101. The allegations contained in Paragraph 101 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 101.

102. The allegations contained in Paragraph 102 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 102.

103. The allegations contained in Paragraph 103 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 103.

104. The allegations contained in Paragraph 104 state a legal conclusion and Plaintiff's characterizations, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 104.

4933-3137-3955, v. 2

105.     The allegations contained in Paragraph 105 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 105.

## COUNT V
## FMLA - INTERFERENCE
## (AGAINST CAYUGA)

106.     With respect to Paragraph 106 of the Complaint, Defendant repeats and realleges their responses to all prior paragraphs as if fully set forth herein.

107.     The allegations contained in Paragraph 107 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 107.

108.     The allegations contained in Paragraph 108 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 108.

109.     The allegations contained in Paragraph 109 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 109.

110.     The allegations contained in Paragraph 110 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 110.

111.     With respect to Paragraph 111 of the Complaint, Defendant admits only so much that alleges Plaintiff advised that he applied for intermittent FMLA leave. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 111 of the Complaint and therefore denies them.

4933-3137-3955, v. 2

112.    The allegations contained in Paragraph 112 state a legal conclusion and Plaintiff's characterization, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 112.

113.    The allegations contained in Paragraph 113 state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 113.

### COUNT VI
### FMLA - RETALIATION
### (AGAINST CAYUGA)

114.    With respect to Paragraph 114 of the Complaint, Defendant repeats and realleges their responses to all prior paragraphs as if fully set forth herein.

115.    The allegations contained in Paragraph 115 state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 115.

116.    The allegations contained in Paragraph 116 state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 116.

117.    The allegations contained in Paragraph 117 state a legal conclusion and Plaintiff's characterization, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 117.

118.    The allegations contained in Paragraph 118 state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 118.

4933-3137-3955, v. 2

119. The allegations contained in Paragraph 119 state a legal conclusion and Plaintiff's characterization, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 119.

120. The allegations contained in Paragraph 120 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 120.

**COUNT VII**
**NYSHRL & NYCHRL – DISCRIMINATION**
**(AGAINST CAYUGA)**

121. With respect to Paragraph 121 of the Complaint, Defendant repeats and realleges their responses to all prior paragraphs as if fully set forth herein.

122. The allegations contained in Paragraph 122 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 122.

123. The allegations contained in Paragraph 123 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 123.

124. The allegations contained in Paragraph 124 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 124.

125. The allegations contained in Paragraph 125 of the Complaint contain Plaintiff's characterization, to which no response is required. To the extent a response is required, the allegation in Paragraph 125 is denied, except that Defendant admits only so much of Paragraph 125 as alleges that Plaintiff was previously the President and CEO of Cayuga.

4933-3137-3955, v. 2

126.  The allegations contained in Paragraph 126 state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 126.

127.  The allegations contained in Paragraph 127 state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 127.

128.  The allegations contained in Paragraph 128 state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 128.

### COUNT VIII
### NYSHRL & NYCHRL – RETALIATION
### (AGAINST CAYUGA)

129.  With respect to Paragraph 129 of the Complaint, Defendant repeats and realleges their responses to all prior paragraphs as if fully set forth herein.

130.  The allegations contained in Paragraph 130 state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 130.

131.  The allegations contained in Paragraph 131 state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 131.

132.  The allegations contained in Paragraph 132 state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 132.

4933-3137-3955, v. 2

133. The allegations contained in Paragraph 133 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 133.

134. The allegations contained in Paragraph 134 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 134.

135. The allegations contained in Paragraph 135 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 135.

## COUNT IX
## N.Y. LABOR LAW §191 ET SEQ.
## (AGAINST CAYUGA)

136. With respect to Paragraph 136 of the Complaint, Defendant repeats and realleges their responses to all prior paragraphs as if fully set forth herein.

137. The allegations contained in Paragraph 137 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 137.

138. The allegations contained in Paragraph 138 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 138.

139. The allegations contained in Paragraph 139 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 139.

4933-3137-3955, v. 2

## COUNT X
## BREACH OF CONTRACT
## (AGAINST CAYUGA)

140. With respect to Paragraph 140 of the Complaint, Defendant repeats and realleges their responses to all prior paragraphs as if fully set forth herein.

141. The allegations contained in Paragraph 141 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 141.

142. The allegations contained in Paragraph 142 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 142.

143. The allegations contained in Paragraph 143 state legal conclusions and Plaintiff's characterizations, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 143.

144. The allegations contained in Paragraph 144 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 144.

## COUNT XI
## DEFAMATION
## (AGAINST ALL DEFENDANTS)

145. With respect to Paragraph 145 of the Complaint, Defendant repeats and realleges their responses to all prior paragraphs as if fully set forth herein.

146. The allegations contained in Paragraph 146 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 146.

4933-3137-3955, v. 2

147.     The allegations contained in Paragraph 147 state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 147.

148.     The allegations contained in Paragraph 148 state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 148.

149.     The allegations contained in Paragraph 149 state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 149.

**COUNT XII**
**INTENTIONAL INFLICTION OF EMOTION DISTRESS**
**(AGAINST ALL DEFENDANTS)**

150.     With respect to Paragraph 150 of the Complaint, Defendant repeats and realleges their responses to all prior paragraphs as if fully set forth herein.

151.     The allegations contained in Paragraph 151 state a legal conclusion and Plaintiff's characterizations, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 151.

152.     The allegations contained in Paragraph 152 state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 152.

153.     The allegations contained in Paragraph 153 state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 153.

4933-3137-3955, v. 2

**TENTH CAUSE OF ACTION COUNT XIII**
**TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS**
**(AGAINST LOPEZ-WILLIAMS, BUFFINGTON, B&H, AND D&M)**

154.     With respect to Paragraph 154 of the Complaint, Defendant repeats and realleges their responses to all prior paragraphs as if fully set forth herein.

155.     The allegations contained in Paragraph 155 state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 155.

156.     The allegations contained in Paragraph 156 state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 156.

157.     The allegations contained in Paragraph 157 state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 157.

158.     The allegations contained in Paragraph 158 state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 158.

### JURY DEMAND

159.     The allegations contained in Paragraph 159 state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 159.

4933-3137-3955, v. 2

**DEMAND FOR RELIEF**

160. The allegations contained in Paragraph 160 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 160.

**DEFENDANT'S GENERAL DENIAL**

Defendant further states that any allegations in the Complaint not expressly admitted are hereby denied.

Defendant denies that Plaintiff is entitled to the relief set forth in the Complaint and demand for judgment.

**AFFIRMATIVE DEFENSES**

Defendant sets forth the following defenses to apprise Plaintiff of certain potentially applicable defenses to the Complaint. By listing any matter as an affirmative defense, Defendant does not assume the burden of proof in any matter upon which Plaintiff bears the burden of proof under applicable law. Defendant will rely upon all affirmative defenses that become available during discovery or trial and specifically reserves the right, upon completion of investigation and discovery, to amend or supplement the affirmative defenses contained herein as may be appropriate.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails, in whole or in part, to state a cause of action against the Defendant upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

Upon information and belief, Plaintiff's claims, if any, are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

4933-3137-3955, v. 2

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because at all times Defendant acted in good faith and without discriminatory or retaliatory intent to ensure compliance with applicable federal, state or local statutes or regulations, and it has been Defendant's policy to comply with any applicable law and regulations.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

Defendant's alleged conduct was not malicious, egregious, undertaken in bad faith or in willful or reckless indifference to Plaintiff's legal rights, and Plaintiff fails to plead any facts supporting a recovery of punitive damages as against Defendant.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

At all times, Defendant acted in good faith and without discriminatory or retaliatory intent and all employment decisions were properly based upon legitimate non-discriminatory and non-retaliatory reasons, and were not violations of any federal, state or local statutes or regulations or causally connected to Plaintiff engaging in protected activity.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

There is no causal connection between any adverse employment action and any activity protected by federal, state or local law.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

The allegedly defamatory statements are true or substantially true, constitute protected opinion, were made on privileged occasions, and/or were not published with the requisite fault.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

4933-3137-3955, v. 2

<b>AS AND FOR A NINTH AFFIRMATIVE DEFENSE</b>

Plaintiff failed to satisfy all statutory pre-requisites to suit to the extent required for certain claims.

<b>AS AND FOR A TENTH AFFIRMATIVE DEFENSE</b>

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or ratification.

<b>AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE</b>

Defendant's alleged conduct was not "extreme and outrageous".

<b>AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE</b>

Defendant's alleged conduct was not intended to cause severe emotional distress or done with reckless disregard of a substantial probability of causing distress.

<b>AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE</b>

At all times, Defendant's actions were taken with economic justification.

<b>AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE</b>

Defendant is entitled to set-off any amounts they may be deemed to owe Plaintiff against amounts that Plaintiff owes to Defendant on account of their counterclaims or otherwise.

**WHEREFORE,** Defendant respectfully requests judgment as follows:

A.	Dismissing the Complaint of Plaintiff herein with prejudice and awarding all applicable costs and disbursements to Defendant, as well as attorney's fees; and

B.	Awarding Defendant such other relief as this Court may deem just and proper.

4933-3137-3955, v. 2

Dated:  December 23, 2025

WOODS OVIATT GILMAN LLP

By:    *s/ Brian D. Gwitt*
       Brian D. Gwitt, Esq.
       *Attorneys for Defendant Andy Lopez-Williams*
       50 Fountain Plaza, Suite 320
       Buffalo, New York 14202
       Telephone: (716) 248-3213
       bgwitt@woodsoviatt.com

TO:    HAHN LOESER & PARKS LLP
       Jacqueline Meese-Martinez, Esq.
       *Attorneys for Plaintiff*
       200 Public Square, Suite 2800
       Cleveland, Ohio 44114
       Telephone: (216) 274-2457
       Jmeese-martinez@hahnlaw.com

4933-3137-3955, v. 2