# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

EDWARD HAYES,

*Plaintiff*,

v.

CAYUGA HOME FOR CHILDREN, INC.,
ANDY LOPEZ-WILLIAMS, ELAINE
BUFFINGTON, BUFFINGTON & HOATLAND CPAs
LLC *and* DANNIBLE & McKEE, LLP,

*Defendants.*

Case No. 1:25-cv-09333 (LJL)(BCM)

**ANSWER**

Defendants Elaine Buffington, Buffington & Hoatland CPAs LLC[1] and Dannible & McKee, LLP (except when referred to herein individually, the answering defendants are collectively referred to as "the Dannible & McKee, LLP Defendants"), by and through their attorneys, Mackenzie Hughes LLP, as and for their Answer to Plaintiff Edward Hayes' Complaint dated November 17, 2025, state as follows:

## <u>NATURE OF THE ACTION</u>

1.     The allegations contained in paragraph "1" of the Complaint state a legal conclusion that do not require a response.  To the extent a response is required, the Dannible & McKee, LLP Defendants acknowledge Plaintiff has made the allegation in paragraph "1" as to the

---

[1] Plaintiff Edward Hayes incorrectly named a non-existent entity, Buffington & Hoatland CPAs LLC, as a defendant in the Summons and Complaint.  The legal name of the entity acquired by Defendant Dannible & McKee, LLP in October 2022 is "Buffington & Hoatland CPAs, PLLC," which was a New York professional limited liability company.  Buffington & Hoatland CPAs, PLLC was voluntarily dissolved and has been inactive since November 2024.

1

reason Plaintiff has filed the Complaint, but otherwise deny the allegations contained in paragraph "1" of the Complaint.

2. The allegations contained in paragraph "2" of the Complaint state a legal conclusion that do not require a response. To the extent a response is required, the Dannible & McKee, LLP Defendants deny the allegations contained in paragraph "2" of the Complaint in the form alleged and refer all questions of law to the Court.

3. The allegations contained in paragraph "3" of the Complaint state a legal conclusion that do not require a response. To the extent a response is required, the Dannible & McKee, LLP Defendants deny the allegations contained in paragraph "3" of the Complaint in the form alleged and refer all questions of law to the Court.

4. The allegations contained in paragraph "4" of the Complaint do not pertain to the Dannible & McKee, LLP Defendants. To the extent a response is required, the Dannible & McKee, LLP Defendants deny the allegations contained in paragraph "4" of the Complaint.

5. The Dannible & McKee, LLP Defendants deny the allegations contained in paragraph "5" of the Complaint, except that the Dannible & McKee, LLP Defendants admit only so much of paragraph "5" of the Complaint that Buffington was employed by an entity that was acquired by Dannible & McKee, LLP in late 2022.

6. The allegations contained in paragraph "6" of the Complaint do not pertain to the Dannible & McKee, LLP Defendants. To the extent a response is required, the Dannible & McKee, LLP Defendants deny the allegations contained in paragraph "6" of the Complaint.

7. To the extent the allegations contained in paragraph "7" of the Complaint pertain to the Dannible & McKee, LLP Defendants, they deny the allegations contained in paragraph "7" of the Complaint. To the extent a response is required to those allegations not pertaining to the

Dannible & McKee, LLP Defendants, they deny the remainder of the allegations contained in paragraph "7" of the Complaint.

## PARTIES, JURISDICTION AND VENUE

8. The Dannible & McKee, LLP Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint and, therefore, deny such allegations.

9. The Dannible & McKee, LLP Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint and, therefore, deny such allegations.

10. The Dannible & McKee, LLP Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint and, therefore, deny such allegations.

11. The Dannible & McKee, LLP Defendants admit the allegations contained in paragraph "11" of the Complaint.

12. The Dannible & McKee, LLP Defendants deny the allegations contained in paragraph "12" of the Complaint to the extent a non-existent legal entity was named, except the Dannible & McKee, LLP Defendants admit only so much of paragraph "12" of the Complaint that Dannible & McKee, LLP acquired an entity in which Buffington was a member on October 31, 2022.

13. The Dannible & McKee, LLP Defendants admit the allegations contained in paragraph "13" of the Complaint to the extent Dannible & McKee, LLP is a domestic limited liability partnership and note the County referenced in paragraph "13" is called "Onondaga."

14. The allegations contained in paragraph "14" of the Complaint state a legal conclusion that do not require a response. To the extent a response is required, the Dannible & McKee, LLP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint and, therefore, deny such allegations.

15. The allegations contained in paragraph "15" of the Complaint state a legal conclusion that do not require a response. To the extent a response is required, the Dannible & McKee, LLP Defendants deny the allegations contained in paragraph "15" of the Complaint in the form alleged and refer all questions of law to the Court.

16. The allegations contained in paragraph "16" of the Complaint state a legal conclusion that do not require a response. To the extent a response is required, the Dannible & McKee, LLP Defendants deny the allegations contained in paragraph "16" of the Complaint in the form alleged and refer all questions of law to the Court.

17. The Dannible & McKee, LLP Defendants deny the allegations contained in paragraph "17" of the Complaint to the extent Plaintiff alleges these answering defendants engaged in "misconduct." The remainder of the allegations contained in paragraph "17" of the Complaint state a legal conclusion that do not require a response. To the extent a response is required, the Dannible & McKee, LLP Defendants deny the allegations contained in paragraph "17" of the Complaint in the form alleged and refer all questions of law to the Court.

18. The Dannible & McKee, LLP Defendants deny the allegations contained in paragraph "18" of the Complaint to the extent Plaintiff alleges "the acts giving rise to Plaintiff's claims took place in this District…." The Dannible & McKee, LLP Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Complaint regarding Plaintiff's principal place of employment at the time his

4

employment was terminated and, therefore, deny such allegations. The remainder of the allegations contained in paragraph "18" of the Complaint state a legal conclusion that do not require a response. To the extent a response is required, the Dannible & McKee, LLP Defendants deny the allegations contained in paragraph "18" of the Complaint in the form alleged and refer all questions of law to the Court.

## SATISFACTION OF STATUTORY PREREQUISITES

19. The Dannible & McKee, LLP Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Complaint and, therefore, deny such allegations.

20. The Dannible & McKee, LLP Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Complaint and, therefore, deny such allegations.

21. The allegations contained in paragraph "21" of the Complaint state a legal conclusion that do not require a response. To the extent a response is required, the Dannible & McKee, LLP Defendants deny the allegations contained in paragraph "21" of the Complaint in the form alleged and refer all questions of law to the Court.

22. The Dannible & McKee, LLP Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Complaint and, therefore, deny such allegations.

## STATEMENT OF FACTS

23.     The allegations contained in paragraph "23" of the Complaint state a legal conclusion that do not require a response.  To the extent a response is required, the Dannible & McKee, LLP Defendants deny the allegations contained in paragraph "23" of the Complaint.

24.     The Dannible & McKee, LLP Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Complaint and, therefore, deny such allegations, except the allegation that Plaintiff formerly served as the President and CEO of the co-defendant Cayuga Home for Children, Inc.

25.     The Dannible & McKee, LLP Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Complaint and, therefore, deny such allegations.

26.     The Dannible & McKee, LLP Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Complaint and, therefore, deny such allegations.

27.     The Dannible & McKee, LLP Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Complaint and, therefore, deny such allegations.

28.     The allegations contained in paragraph "28" of the Complaint refer to the purported employment contract between Plaintiff and the co-defendant Cayuga Home for Children, Inc., dated November 14, 2012.  The Dannible & McKee, LLP Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the Complaint and, therefore, deny such allegations.  The Dannible & McKee, LLP Defendants refer the Honorable Court to the referenced document for its specific terms and provisions and defer all questions of law to the Honorable Court.

29. The allegations contained in paragraph "29" of the Complaint refer to the purported employment contract between Plaintiff and the co-defendant Cayuga Home for Children, Inc., dated November 14, 2012. The Dannible & McKee, LLP Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the Complaint and, therefore, deny such allegations. The Dannible & McKee, LLP Defendants refer the Honorable Court to the referenced document for its specific terms and provisions and defer all questions of law to the Honorable Court.

30. The allegations contained in paragraph "30" of the Complaint refer to a document described by Plaintiff as the "First Nonrenewal Letter" purportedly issued by the Board of the co-defendant Cayuga Home for Children, Inc. to Plaintiff in June 2024. The Dannible & McKee, LLP Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the Complaint and, therefore, deny such allegations. The Dannible & McKee, LLP Defendants refer the Honorable Court to the referenced document for a statement of its contents and defer all questions of law to the Honorable Court.

31. The Dannible & McKee, LLP Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Complaint and, therefore, deny such allegations.

32. The Dannible & McKee, LLP Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the Complaint and, therefore, deny such allegations.

33. The Dannible & McKee, LLP Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the Complaint and, therefore, deny such allegations.

34. The Dannible & McKee, LLP Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the Complaint and, therefore, deny such allegations.

35. The Dannible & McKee, LLP Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of the Complaint and, therefore, deny such allegations.

36. The allegations contained in paragraph "36" of the Complaint refer to correspondence dated November 20, 2024 purportedly sent by co-defendant Andy Lopez-Williams to Plaintiff. The Dannible & McKee, LLP Defendants refer the Honorable Court to the referenced document for a statement of its contents. The Dannible & McKee, LLP Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph "36" of the Complaint and, therefore, deny such allegations.

37. The Dannible & McKee, LLP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "37" of the Complaint and, therefore, deny such allegations.

38. The Dannible & McKee, LLP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "38" of the Complaint and, therefore, deny such allegations.

39. The Dannible & McKee, LLP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "39" of the Complaint and, therefore, deny such allegations.

40. The allegations contained in paragraph "40" of the Complaint regarding Plaintiff's physical condition constituting a disability within the meaning of the Americans with Disabilities Act of 1990 ("ADA") state a legal conclusion that do not require a response. The Dannible &

McKee, LLP Defendants defer all questions of law to the Honorable Court. The Dannible & McKee, LLP Defendants deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph "40" of the Complaint and, therefore, deny such allegations.

41. The Dannible & McKee, LLP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "41" of the Complaint and, therefore, deny such allegations.

42. The Dannible & McKee, LLP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "42" of the Complaint and, therefore, deny such allegations.

43. The allegations contained in paragraph "43" of the Complaint refer to a document described by Plaintiff as the "Second Nonrenewal Letter" purportedly issued by the Board of the co-defendant Cayuga Home for Children, Inc. to Plaintiff in February 2025. The Dannible & McKee, LLP Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "43" of the Complaint and, therefore, deny such allegations. The Dannible & McKee, LLP Defendants refer the Honorable Court to the referenced document for a statement of its contents.

44. The Dannible & McKee, LLP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "44" of the Complaint and, therefore, deny such allegations. The Dannible & McKee, LLP Defendants refer the Honorable Court to the referenced document for a statement of its contents.

45. The Dannible & McKee, LLP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "45" of the

Complaint and, therefore, deny such allegations. The Dannible & McKee, LLP Defendants refer the Honorable Court to the referenced document for a statement of its contents.

46. The allegations contained in paragraph "46" of the Complaint refer to a document described by Plaintiff as the "Second Nonrenewal Letter" purportedly issued by the Board of the co-defendant Cayuga Home for Children, Inc. to Plaintiff in February 2025. The Dannible & McKee, LLP Defendants refer the Honorable Court to the referenced document for a statement of its contents. To the extent a response is required, the Dannible & McKee, LLP Defendants deny the allegations contained in paragraph "46" of the Complaint.

47. The allegations contained in paragraph "47" of the Complaint refer to the document described by Plaintiff as the "Second Nonrenewal Letter" purportedly issued by the Board of the co-defendant Cayuga Home for Children, Inc to Plaintiff in February 2025. The Dannible & McKee, LLP Defendants refer the Honorable Court to the referenced document for a statement of its contents. The Dannible & McKee, LLP Defendants deny the remainder of the allegations contained in paragraph "47" of the Complaint.

48. The allegations contained in paragraph "48" of the Complaint refer to the document described by Plaintiff as the "Second Nonrenewal Letter" purportedly issued by the Board of the co-defendant Cayuga Home for Children, Inc. to Plaintiff in February 2025. The Dannible & McKee, LLP Defendants refer the Honorable Court to the referenced document for a statement of its contents. The Dannible & McKee, LLP Defendants deny the remainder of the allegations contained in paragraph "48" of the Complaint.

49. The allegations contained in paragraph "49" of the Complaint refer to the document described by Plaintiff as the "Second Nonrenewal Letter" purportedly issued by the Board of the co-defendant Cayuga Home for Children, Inc. to Plaintiff in February 2025. The Dannible & McKee, LLP Defendants refer the Honorable Court to the referenced document for a statement of

its contents.  The Dannible & McKee, LLP Defendants deny the remainder of the allegations contained in paragraph "49" of the Complaint.

50.     The allegations contained in paragraph "50" of the Complaint refer to the document described by Plaintiff as the "Second Nonrenewal Letter" purportedly issued by the Board of the co-defendant Cayuga Home for Children, Inc. to Plaintiff in February 2025.  The Dannible & McKee, LLP Defendants refer the Honorable Court to the referenced document for a statement of its contents.  The Dannible & McKee, LLP Defendants deny the remainder of the allegations contained in paragraph "50" of the Complaint.

51.     The allegations contained in paragraph "51" of the Complaint refer to the document described by Plaintiff as the "Second Nonrenewal Letter" purportedly issued by the Board of the co-defendant Cayuga Home for Children, Inc. to Plaintiff in February 2025.  The Dannible & McKee, LLP Defendants refer the Honorable Court to the referenced document for a statement of its contents.  The Dannible & McKee, LLP Defendants deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph "51" and, therefore, deny such allegations.

52.     The allegations contained in paragraph "52" of the Complaint refer to the document described by Plaintiff as the "Second Non-Renewal Letter" purportedly issued by the Board of the co-defendant Cayuga Home for Children, Inc. to Plaintiff in February 2025.  The Dannible & McKee, LLP Defendants refer the Honorable Court to the referenced document for a statement of its contents.  To the extent a response is required, the Dannible & McKee, LLP Defendants deny the allegations to the extent the allegations are inconsistent with the document.

53.     The allegations contained in paragraph "53" of the Complaint refer to the document described by Plaintiff as the "Second Non-Renewal Letter" purportedly issued by the Board of the co-defendant Cayuga Home for Children, Inc. to Plaintiff in February 2025.  The Dannible &

McKee, LLP Defendants refer the Honorable Court to the referenced document for a statement of its contents. The Dannible & McKee, LLP Defendants deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph "53" and, therefore, deny such allegations.

54. The allegations contained in paragraph "54" of the Complaint refer to the document described by Plaintiff as the "Second Non-Renewal Letter" purportedly issued by the Board of the co-defendant Cayuga Home for Children, Inc. to Plaintiff in February 2025. The Dannible & McKee, LLP Defendants refer the Honorable Court to the referenced document for a statement of its contents. The Dannible & McKee, LLP Defendants deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph "54" and, therefore, deny such allegations.

55. The Dannible & McKee, LLP Defendants deny the allegations contained in paragraph "55" of the Complaint.

56. The allegations contained in paragraph "56" of the Complaint refer to the document described by Plaintiff as the "First Rebuttal" purportedly issued by Plaintiff, through counsel, in March 2025. The Dannible & McKee, LLP Defendants refer the Honorable Court to the referenced document for a statement of its contents. To the extent a response is required, the Dannible & McKee, LLP Defendants deny the allegations to the extent the allegations are inconsistent with the document. The Dannible & McKee, LLP Defendants deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph "56," including footnote 3, and, therefore, deny such allegations.

57. The allegations contained in paragraph "57" of the Complaint refer to the document described by Plaintiff as the "First Rebuttal" purportedly issued by Plaintiff, through counsel, in March 2025. The Dannible & McKee, LLP Defendants refer the Honorable Court to the

referenced document for a statement of its contents. To the extent a response is required, the Dannible & McKee, LLP Defendants deny the allegations to the extent the allegations are inconsistent with the document. The Dannible & McKee, LLP Defendants deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph "57," including footnote 4, and, therefore, deny such allegations.

58. The allegations contained in paragraph "58" of the Complaint refer to the document described by Plaintiff as the "First Rebuttal" purportedly issued by Plaintiff, through counsel, in March 2025. The Dannible & McKee, LLP Defendants refer the Honorable Court to the referenced document for a statement of its contents. To the extent a response is required, the Dannible & McKee, LLP Defendants deny the allegations to the extent the allegations are inconsistent with the document. To the extent the allegations contained in paragraph "58" of the Complaint state a legal conclusion, the Dannible & McKee, LLP Defendants defer all conclusions of law to the Honorable Court.

59. The Dannible & McKee, LLP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "59" of the Complaint and, therefore, deny such allegations.

60. The Dannible & McKee, LLP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "60" of the Complaint and, therefore, deny such allegations.

61. The Dannible & McKee, LLP Defendants deny knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph "61" of the Complaint and, therefore, deny such allegations.

62. The Dannible & McKee, LLP Defendants deny the allegations contained in paragraph "62" of the Complaint.

63. The allegations contained in paragraph "63" of the Complaint refer to the document described by Plaintiff as the "Unlawful Termination Letter" purportedly issued by the Board for the co-defendant Cayuga Home for Children, Inc. to Plaintiff in April 2025. The Dannible & McKee, LLP Defendants refer to the referenced document for a statement of its contents and deny the allegations in paragraph "63" of the Complaint to the extent the allegations are inconsistent therewith.

64. The allegations contained in paragraph "64" of the Complaint refer to the document described by Plaintiff as the "Unlawful Termination Letter" purportedly issued by the Board for the co-defendant Cayuga Home for Children, Inc. to Plaintiff in April 2025. The Dannible & McKee, LLP Defendants refer to the referenced document for a statement of its contents and deny the allegations in paragraph "64" of the Complaint to the extent the allegations are inconsistent therewith. The Dannible & McKee Defendants deny the remainder of the allegations contained in paragraph "64" of the Complaint.

65. The allegations contained in paragraph "65" of the Complaint refer to the document described by Plaintiff as the "Unlawful Termination Letter" purportedly issued by the Board for the co-defendant Cayuga Home for Children, Inc. to Plaintiff in April 2025. The Dannible & McKee, LLP Defendants refer to the referenced document for a statement of its contents and deny the allegations in paragraph "65" of the Complaint to the extent the allegations are inconsistent therewith. The Dannible & McKee Defendants deny the remainder of the allegations contained in paragraph "65" of the Complaint.

66. The Dannible & McKee, LLP Defendants deny knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph "66" of the Complaint and, therefore, deny such allegations.

67. The Dannible & McKee, LLP Defendants deny knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph "67" of the Complaint and, therefore, deny such allegations. To the extent the allegations contained in paragraph "67" of the Complaint refer to the April 25, 2025 correspondence described by Plaintiff as the "Second Rebuttal," the Dannible & McKee, LLP Defendants refer to the referenced document for a statement of its contents and deny the allegations in paragraph "67" of the Complaint to the extent the allegations are inconsistent therewith.

68. The Dannible & McKee, LLP Defendants deny knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph "68" of the Complaint, including footnote 7, and, therefore, deny such allegations. To the extent the allegations contained in paragraph "68" of the Complaint refer to the April 25, 2025 correspondence described by Plaintiff as the "Second Rebuttal," the Dannible & McKee, LLP Defendants refer to the referenced document for a statement of its contents and deny the allegations in paragraph "68" of the Complaint to the extent the allegations are inconsistent therewith.

69. The Dannible & McKee, LLP Defendants deny knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph "69" of the Complaint, and, therefore, deny such allegations. To the extent the allegations contained in paragraph "69" of the Complaint refer to the April 25, 2025 correspondence described by Plaintiff as the "Second Rebuttal," the Dannible & McKee, LLP Defendants refer to the referenced document for a statement of its contents and deny the allegations in paragraph "69" of the Complaint to the extent the allegations are inconsistent therewith.

70. The Dannible & McKee, LLP Defendants deny knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph "70" of the Complaint, and, therefore, deny such allegations.

71.     The Dannible & McKee, LLP Defendants deny knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph "71" of the Complaint, and, therefore, deny such allegations.

72.     The Dannible & McKee, LLP Defendants deny the allegations contained in paragraph "72" of the Complaint.

73.     The Dannible & McKee, LLP Defendants deny knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph "73" of the Complaint and, therefore, deny such allegations. The Dannible & McKee, LLP Defendants deny the allegations contained in paragraph "73" of the Complaint to the extent Plaintiff alleges these answering defendants engaged in "misconduct."

74.     The Dannible & McKee, LLP Defendants deny the allegations contained in paragraph "74" of the Complaint.

75.     The Dannible & McKee, LLP Defendants deny knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph "75" of the Complaint and, therefore, deny such allegations. The remainder of the allegations contained in paragraph "75" of the Complaint contain legal conclusions to which no response is required. The Dannible & McKee, LLP Defendants defer all questions of law to the Honorable Court.

76.     The Dannible & McKee, LLP Defendants deny the allegations contained in paragraph "76" of the Complaint.

**COUNT I:**
**ADA- DISCRIMINATION**
**(CAYUGA CENTERS)**

77.     The Dannible & McKee, LLP Defendants repeat, reiterate and reallege each and every denial hereinbefore set forth in response to paragraphs "1" through "76" with the same force and effect as if the same in full herein in response to paragraph "77" of the Complaint.

16

78.     The allegations contained in paragraph "78" of the Complaint relate to the first count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

79.     The allegations contained in paragraph "79" of the Complaint relate to the first count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

80.     The allegations contained in paragraph "80" of the Complaint relate to the first count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

81.     The allegations contained in paragraph "81" of the Complaint relate to the first count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

82.     The allegations contained in paragraph "82" of the Complaint relate to the first count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

83.     The allegations contained in paragraph "83" of the Complaint relate to the first count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

**COUNT II:**
**ADA – RETALIATION (42 U.S.C. § 12203)**
**(CAYUGA CENTERS)**

84.     The Dannible & McKee, LLP Defendants repeat, reiterate and reallege each and every denial hereinbefore set forth in response to paragraphs "1" through "83" with the same force and effect as if the same in full herein in response to paragraph "84" of the Complaint.

85.     The allegations contained in paragraph "85" of the Complaint relate to the second

count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

86. The allegations contained in paragraph "86" of the Complaint relate to the second count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

87. The allegations contained in paragraph "87" of the Complaint relate to the second count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

88. The allegations contained in paragraph "88" of the Complaint relate to the second count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

89. The allegations contained in paragraph "89" of the Complaint relate to the second count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

90. The allegations contained in paragraph "90" of the Complaint relate to the second count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

## COUNT III:
## <u>ADEA – DISCRIMINATION (29 U.S.C. § 623)</u>
### (CAYUGA CENTERS)

91. The Dannible & McKee, LLP Defendants repeat, reiterate and reallege each and every denial hereinbefore set forth in response to paragraphs "1" through "90" with the same force and effect as if the same in full herein in response to paragraph "91" of the Complaint.

92. The allegations contained in paragraph "92" of the Complaint relate to the third count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

93. The allegations contained in paragraph "93" of the Complaint relate to the third count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

94. The allegations contained in paragraph "94" of the Complaint relate to the third count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

95. The allegations contained in paragraph "95" of the Complaint relate to the third count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

96. The allegations contained in paragraph "96" of the Complaint relate to the third count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

97. The allegations contained in paragraph "97" of the Complaint relate to the third count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**COUNT IV:**
**ADEA – RETALIATION (29 U.S.C. § 623)**
(CAYUGA CENTERS)

98. The Dannible & McKee, LLP Defendants repeat, reiterate and reallege each and every denial hereinbefore set forth in response to paragraphs "1" through "97" with the same force and effect as if the same in full herein in response to paragraph "98" of the Complaint.

99. The allegations contained in paragraph "99" of the Complaint relate to the fourth count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

100. The allegations contained in paragraph "100" of the Complaint relate to the fourth count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

101. The allegations contained in paragraph "101" of the Complaint relate to the fourth count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

102. The allegations contained in paragraph "102" of the Complaint relate to the fourth count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

103. The allegations contained in paragraph "103" of the Complaint relate to the fourth count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

104. The allegations contained in paragraph "104" of the Complaint relate to the fourth count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

105. The allegations contained in paragraph "105" of the Complaint relate to the fourth count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

**COUNT V:**
**FMLA – INTERFERENCE (29 U.S.C. § 2615)**
**(CAYUGA CENTERS)**

106. The Dannible & McKee, LLP Defendants repeat, reiterate and reallege each and every denial hereinbefore set forth in response to paragraphs "1" through "105" with the same force and effect as if the same in full herein in response to paragraph "106" of the Complaint.

107. The allegations contained in paragraph "107" of the Complaint relate to the fifth count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

108. The allegations contained in paragraph "108" of the Complaint relate to the fifth count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

109. The allegations contained in paragraph "109" of the Complaint relate to the fifth count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

110. The allegations contained in paragraph "110" of the Complaint relate to the fifth count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

111. The allegations contained in paragraph "111" of the Complaint relate to the fifth count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

112.     The allegations contained in paragraph "112" of the Complaint relate to the fifth count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc.  Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

113.     The allegations contained in paragraph "113" of the Complaint relate to the fifth count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc.  Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

**COUNT VI:**
**<u>FMLA – INTERFERENCE (29 U.S.C. § 2615)</u>**
**(CAYUGA CENTERS)**

114.     The Dannible & McKee, LLP Defendants repeat, reiterate and reallege each and every denial hereinbefore set forth in response to paragraphs "1" through "113" with the same force and effect as if the same in full herein in response to paragraph "114" of the Complaint.

115.     The allegations contained in paragraph "115" of the Complaint relate to the sixth count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc.  Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

116.     The allegations contained in paragraph "116" of the Complaint relate to the sixth count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc.  Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

117.     The allegations contained in paragraph "117" of the Complaint relate to the sixth count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc.  Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

118.     The allegations contained in paragraph "118" of the Complaint relate to the sixth count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc.  Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

22

119. The allegations contained in paragraph "119" of the Complaint relate to the sixth count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

120. The allegations contained in paragraph "120" of the Complaint relate to the sixth count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

### COUNT VII:
### NYSHRL & NYCHRL – DISCRIMINATION
### (N.Y. EXEC. LAW § 296 & NEW YORK CITY, NY., CODE § 8-107)
#### (CAYUGA CENTERS)

121. The Dannible & McKee, LLP Defendants repeat, reiterate and reallege each and every denial hereinbefore set forth in response to paragraphs "1" through "120" with the same force and effect as if the same in full herein in response to paragraph "121" of the Complaint.

122. The allegations contained in paragraph "122" of the Complaint relate to the seventh Count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

123. The allegations contained in paragraph "123" of the Complaint relate to the seventh Count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

124. The allegations contained in paragraph "124" of the Complaint relate to the seventh Count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

125. The allegations contained in paragraph "125" of the Complaint relate to the seventh Count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

126. The allegations contained in paragraph "126" of the Complaint relate to the seventh Count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

127. The allegations contained in paragraph "127" of the Complaint relate to the seventh Count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

128. The allegations contained in paragraph "128" of the Complaint relate to the seventh Count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

**COUNT VIII:**
**NYSHRL & NYCHRL ‑ RETALIATION**
**(N.Y. EXEC. LAW § 296 & NEW YORK CITY, NY., CODE § 8-107)**
**(CAYUGA CENTERS)**

129. The Dannible & McKee, LLP Defendants repeat, reiterate and reallege each and every denial hereinbefore set forth in response to paragraphs "1" through "128" with the same force and effect as if the same in full herein in response to paragraph "129" of the Complaint.

130. The allegations contained in paragraph "130" of the Complaint relate to the eighth count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

131. The allegations contained in paragraph "131" of the Complaint relate to the eighth count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

132. The allegations contained in paragraph "132" of the Complaint relate to the eighth count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

133. The allegations contained in paragraph "133" of the Complaint relate to the eighth count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

134. The allegations contained in paragraph "134" of the Complaint relate to the eighth count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

135. The allegations contained in paragraph "135" of the Complaint relate to the eighth count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

**COUNT IX:**
**N.Y. LABOR LAW (LAB, LAW § 191 ET SEQ.)**
**(CAYUGA CENTERS)**

136. The Dannible & McKee, LLP Defendants repeat, reiterate and reallege each and every denial hereinbefore set forth in response to paragraphs "1" through "135" with the same force and effect as if the same in full herein in response to paragraph "136" of the Complaint.

137. The allegations contained in paragraph "137" of the Complaint relate to the ninth count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

138. The allegations contained in paragraph "138" of the Complaint relate to the ninth count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

139. The allegations contained in paragraph "139" of the Complaint relate to the ninth count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

**COUNT X:**
**<u>BREACH OF CONTRACT</u>**
**(CAYUGA CENTERS)**

140. The Dannible & McKee, LLP Defendants repeat, reiterate and reallege each and every denial hereinbefore set forth in response to paragraphs "1" through "139" with the same force and effect as if the same in full herein in response to paragraph "140" of the Complaint.

141. The allegations contained in paragraph "141" of the Complaint relate to the tenth count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

142. The allegations contained in paragraph "142" of the Complaint relate to the tenth count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

143. The allegations contained in paragraph "143" of the Complaint relate to the tenth count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

144. The allegations contained in paragraph "144" of the Complaint relate to the tenth count of the Complaint, which is asserted against the co-defendant Cayuga Home for Children, Inc. Accordingly, no response is required by the Dannible & McKee, LLP Defendants.

**COUNT XI:**
**DEFAMATION**
**(ALL DEFENDANTS)**

145. The Dannible & McKee, LLP Defendants repeat, reiterate and reallege each and every denial hereinbefore set forth in response to paragraphs "1" through "144" with the same force and effect as if the same in full herein in response to paragraph "145" of the Complaint.

146. The Dannible & McKee, LLP Defendants deny the allegations contained in paragraph "146" of the Complaint.

147. The Dannible & McKee, LLP Defendants deny the allegations contained in paragraph "147" of the Complaint.

148. The Dannible & McKee, LLP Defendants deny the allegations contained in paragraph "148" of the Complaint.

149. The Dannible & McKee, LLP Defendants deny the allegations contained in paragraph "149" of the Complaint.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## COUNT XII:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (ALL DEFENDANTS)

150. The Dannible & McKee, LLP Defendants repeat, reiterate and reallege each and every denial hereinbefore set forth in response to paragraphs "1" through "149" with the same force and effect as if the same in full herein in response to paragraph "150" of the Complaint.

151. The Dannible & McKee, LLP Defendants deny the allegations contained in paragraph "151" of the Complaint.

152. The Dannible & McKee, LLP Defendants deny the allegations contained in paragraph "152" of the Complaint.

153. The Dannible & McKee, LLP Defendants deny the allegations contained in paragraph "153" of the Complaint.

## COUNT XIII:
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS
### (LOPEZ-WILLIAMS, BUFFINGTON, B&H, AND D&M)

154. The Dannible & McKee, LLP Defendants repeat, reiterate and reallege each and every denial hereinbefore set forth in response to paragraphs "1" through "153" with the same force and effect as if the same in full herein in response to paragraph "154" of the Complaint.

155. The Dannible & McKee, LLP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in in paragraph "155" of the Complaint and, therefore, deny such allegations.

156. The Dannible & McKee, LLP Defendants deny the allegations contained in paragraph "156" of the Complaint.

157. The Dannible & McKee, LLP Defendants deny the allegations contained in paragraph "157" of the Complaint.

28

158.     The Dannible & McKee, LLP Defendants deny the allegations contained in paragraph "158" of the Complaint.

## JURY DEMAND

159.     The Dannible & McKee, LLP Defendants acknowledge Plaintiff's demand for a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure.  The Dannible & McKee, LLP Defendants also demand a trial by jury on all issues that are so triable.

## GENERAL DENIAL

160.     Except as expressly stated above, the Dannible & McKee, LLP Defendants deny each and every allegation in the Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Buffington & Hoatland CPAs LLC is a non-existent entity.  The legal name of the entity acquired by Defendant Dannible & McKee, LLP in October 2022 is "Buffington & Hoatland CPAs, PLLC." Buffington & Hoatland CPAs, PLLC was a New York professional limited liability company that was voluntarily dissolved and has been inactive since November 2024.

The Court lacks personal jurisdiction over an entity that does not exist.  Therefore, Plaintiff cannot maintain an action against Buffington & Hoatland CPAs LLC or Buffington & Hoatland CPAs, PLLC.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

The claims asserted against the Dannible & McKee, LLP Defendants (Counts XI – XIII) are state law claims. Pursuant to 28 U.S.C. §1367, the Court should decline to exercise supplemental jurisdiction over the purported causes of action asserted by Plaintiff against the Dannible & McKee, LLP Defendants.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

Plaintiff is barred from relief because the Complaint and each of the purported causes of action set forth therein fail to allege facts sufficient to state a plausible claim for relief against the Dannible & McKee, LLP Defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

One or more of Plaintiff's claims accrued more than one-year prior to the commencement of this action. Therefore, this action is barred by the statute of limitations governing Plaintiff's claims.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

At all times, the Dannible & McKee, LLP Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with Generally Accepted Auditing Standards, Government Auditing Standards and audit requirements of Title 2 of the Code of Federal Regulations Part 200, Uniform Administrative Requirements, Cost Principles, and Audit Requirements for Federal Awards (Uniform Guidance). Therefore, Plaintiff is barred from relief on any cause of action against them.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from relief because the alleged defamatory statements attributed to the Dannible & McKee, LLP Defendants constitute non-actionable opinion.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from relief because the alleged defamatory statements attributed to the Dannible & McKee, LLP Defendants are true or substantially true.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from relief because the Dannible & McKee, LLP Defendants enjoy immunity for the alleged defamatory statements attributed to them.  The Dannible & McKee, LLP Defendants were required by law, Generally Accepted Auditing Standards, Government Auditing Standards and audit requirements of Title 2 of the Code of Federal Regulations Part 200, Uniform Administrative Requirements, Cost Principles, and Audit Requirements for Federal Awards (Uniform Guidance) to make the statements at issue to their client.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

One or more of Plaintiff's claims are based on the same set of facts and seek identical damages as Plaintiff's claim for defamation.  Therefore, Plaintiff is barred from relief on any cause of action that is duplicative of his defamation claim.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from relief because the alleged defamatory statements attributed to the Dannible & McKee, LLP Defendants regarding the financial practices of their client are not so "extreme and outrageous" to support a claim for intentional infliction of emotional distress.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from relief because the alleged defamatory statements attributed to the Dannible & McKee, LLP Defendants were made to their client in connection with an audit in which the Dannible & McKee, LLP auditors objectively evaluated information obtained from the client. The Dannible & McKee, LLP Defendants were justified in identifying potential financial impropriety and/or improper conduct and objectively reporting their findings to their client. Therefore, Plaintiff cannot establish a claim for defamation, intentional infliction of emotional distress or tortious interference with business relations against the Dannible & McKee, LLP Defendants.

**AS AND FOR A TWELVTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel and/or ratification.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, are not causally related to the alleged tortious conduct Plaintiff attributes to the Dannible & McKee, LLP Defendants. Therefore, Plaintiff cannot maintain any causes of action against them.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to properly mitigate the alleged damages. Therefore, Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to take steps to mitigate his alleged damages.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

The Dannible & McKee, LLP Defendants are entitled to a set-off of any amounts they are found liable to Plaintiff by any amounts already received by the Plaintiff as compensation for the alleged injuries or damages for which Plaintiff has received or receives as compensation from another source.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Dannible & McKee, LLP Defendants request that this Honorable Court grant the following relief:

A. Dismissal of Plaintiff Edward Hayes' Complaint with prejudice as against these answering Defendants;

B. Costs and reasonable attorney's fees relating to this action; and

C. Such other and further relief as the Court may deem just and proper.

Dated: January 19, 2026

MACKENZIE HUGHES LLP

By: */s/Nicole Marlow-Jones*
Nicole Marlow-Jones
*Attorneys for Defendants*
  *Elaine Buffington, Buffington &*
  *Hoatland CPAs, PLLC\* and*
  *Dannible & McKee, LLP*
Mackenzie Hughes Tower
440 S. Warren Street, Ste. 400
Syracuse, New York 13202
Telephone: (315) 474-7571

*See* n. 1, *supra*.

33

TO: HAHN LOESER & PARKS LLP
Jacqueline Meese-Martinez, Esq.
*Attorneys for Plaintiff*
 *Edward Hayes*
200 Public Square, Ste. 2800
Cleveland, Ohio 44114
Telephone: (216) 274-2457

Peter M. Katsaros, Esq.
Hahn Loeser & Parks LLP
2200 West Madison Street, Ste. 2700
Chicago, Illinois 60606
Telephone: (312) 637-3015

CC: WOODS OVIATT GILMAN LLP
Brian D. Gwitt, Esq.
*Attorneys for Defendants*
 *Cayuga Home for Children, Inc. and*
*Andy Lopez-Williams*
50 Fountain Plaza, Ste. 320
Buffalo, New York 14202
Telephone: (716) 248-3213

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 19, 2026, a copy of the foregoing Answer was served on the following parties by Notice of Electronic Filing via PACER:

Jacqueline Meese-Martinez, Esq
Hahn Loeser & Parks LLP
200 Public Square, Ste. 2800
Cleveland, Ohio 44114
jmeese-martinez@hahnlaw.com
*Attorneys for Plaintiff*
*Edward Hayes*


Peter M Katsaros, Esq.
Hahn Loeser & Parks LLP
200 West Madison Street, Ste. 2700
Chicago, Illinois 60606
pkatsaros@hahnlaw.com
*Attorneys for Plaintiff*
*Edward Hayes*


Brian D. Gwitt, Gwitt
Woods Oviatt Gilman LLP
50 Fountain Plaza
Buffalo, New York 14202
bgwitt@woodsoviatt.com
*Attorneys for Co-Defendants*
 *Cayuga Home for Children, Inc.*
*and Andy Lopez-Williams*


Respectfully submitted,

By: <u>*s/Nicole Marlow-Jones*</u>
Nicole Marlow-Jones
Mackenzie Hughes LLP
*Attorneys for Defendants*
 *Elaine Buffington, Buffington & Hoatland CPAs, PLLC*
*(incorrectly identified as Buffington & Hoatland CPAs LLC)*
 *and Dannible & McKee, LLP*
440 S. Warren Street, Suite 400
Syracuse, New York 13202
Telephone: (315) 474-7571
Facsimile: (315) 474-6409
Email: nmarlow-jones@mackenziehughes.com