**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| EDWARD HAYES, | ) ) ) | CASE NO. 1:25-cv-9333-LJL-BCM |
| Plaintiff, | ) ) ) |  |
| v. | ) ) | **ANSWER TO DEFENDANT CAYUGA** |
| CAYUGA HOME FOR CHILDREN, INC., *et al.* | ) ) ) | **HOME FOR CHILDREN, INC.'S COUNTERCLAIM** |
| Defendants. | ) ) ) |  |

Plaintiff/Counter-Defendant Edward Hayes ("Mr. Hayes"), by and through his undersigned counsel, hereby answers Defendant/Counterclaimant Cayuga Home for Children, Inc.'s ("Cayuga") Counterclaim (the "Counterclaim") as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Mr. Hayes admits the allegations contained in Paragraph 1 of the Countercomplaint.

2. Mr. Hayes admits the allegations contained in Paragraph 2 of the Countercomplaint.

3. Paragraph 3 of the Countercomplaint contains a legal conclusion to which no response is required. To the extent a response is required, Mr. Hayes admits that The Countercomplaint alleges acts sufficiently related to Mr. Hayes's claims so that they form part of the same case or controversy, and Mr. Hayes affirmatively states that he is not challenging subject-matter jurisdiction.

## BACKGROUND

4. Mr. Hayes admits the allegations contained in Paragraph 4 of the Countercomplaint.

5. The allegations contained in Paragraph 5 of the Countercomplaint contain Cayuga's characterization of Section 4 of the Employment Contract,[1] to which no response is required. To the extent a response is required, Mr. Hayes admits only so much of Paragraph 5 as it alleges the existence of Section 4 of the Employment Contract, in the form attached to Mr. Hayes's Complaint as Exhibit B. Mr. Hayes respectfully refers the Court to Exhibit B for a complete statement of its contents and denies any allegations inconsistent therewith.

6. The allegations contained in Paragraph 6 of the Countercomplaint contain Cayuga's characterization of the correspondence dated June 27, 2024 to which no response is required. To the extent a response is required, Mr. Hayes admits only so much of Paragraph 6 as it alleges the existence of the correspondence dated June 27, 2024, in the form attached to Mr. Hayes's Complaint as Exhibit C. Mr. Hayes respectfully refers the Court to Exhibit C for a complete statement of its contents and denies any allegations inconsistent therewith. Mr. Hayes denies all other allegations contained in Paragraph 6.

7. Mr. Hayes admits the allegations contained in Paragraph 7 of the Countercomplaint.

8. Mr. Hayes denies the allegations contained in Paragraph 8 of the Countercomplaint.

9. Mr. Hayes denies the allegations contained in Paragraph 9 of the Countercomplaint.

10. Mr. Hayes denies the allegations contained in Paragraph 10 of the Countercomplaint.

11. Mr. Hayes denies the allegations contained in Paragraph 11 of the Countercomplaint.

---

[1] Unless otherwise indicated, all capitalized terms herein shall possess the same meaning as those in Mr. Hayes's Complaint. (Dkt. No. 8.)

2

12. Mr. Hayes denies the allegations contained in Paragraph 12 of the Countercomplaint.

13. Mr. Hayes denies the allegations contained in Paragraph 13 of the Countercomplaint.

14. Mr. Hayes is without knowledge sufficient to form a belief as to the truth or falsity of the contained in Paragraph 14 of the Countercomplaint, and therefore, deny the same.

15. Mr. Hayes denies the allegations contained in Paragraph 15 of the Countercomplaint.

16. Mr. Hayes denies the allegations contained in Paragraph 16 of the Countercomplaint.

17. Mr. Hayes denies the allegations contained in Paragraph 17 of the Countercomplaint.

18. Mr. Hayes denies the allegations contained in Paragraph 18 of the Countercomplaint.

19. In response to the allegations contained in Paragraph 19 of the Countercomplaint, Mr. Hayes states that his use of Conrad hotels came at the suggestion of Cayuga's then-current Board chairperson on or around 2016, and the subsequent Board chairpersons continued to approve the use of that particular hotel chain.

20. Mr. Hayes denies the allegations contained in Paragraph 20 of the Countercomplaint.

21. Mr. Hayes denies the allegations contained in Paragraph 21 of the Countercomplaint.

21248080.2

22. Mr. Hayes denies the allegations contained in Paragraph 22 of the Countercomplaint.

23. Mr. Hayes denies the allegations contained in Paragraph 23 of the Countercomplaint.

24. Mr. Hayes denies the allegations contained in Paragraph 24 of the Countercomplaint.

25. Mr. Hayes denies the allegations contained in Paragraph 25 of the Countercomplaint.

26. The allegations contained in Paragraph 26 of the Countercomplaint contain Cayuga's characterization of the correspondence dated February 27, 2025, to which no response is required. To the extent a response is required, Mr. Hayes admits only so much of Paragraph 26 as it alleges the existence of the correspondence dated February 27, 2025, in the form attached to Mr. Hayes's Complaint as Exhibit E. Mr. Hayes respectfully refers the Court to Exhibit E for a complete statement of its contents and denies any allegations inconsistent therewith. Mr. Hayes denies all other allegations contained in Paragraph 26.

27. The allegations contained in Paragraph 27 of the Countercomplaint contain Cayuga's characterization of the correspondence dated March 21, 2025, to which no response is required. To the extent a response is required, Mr. Hayes admits only so much of Paragraph 27 as it alleges the existence of the correspondence dated March 21, 2025, in the form attached to Mr. Hayes's Complaint as Exhibit F. Mr. Hayes respectfully refers the Court to Exhibit F for a complete statement of its contents and denies any allegations inconsistent therewith. Mr. Hayes denies all other allegations contained in Paragraph 27.

28. The allegations contained in Paragraph 28 of the Countercomplaint contain Cayuga's characterization of the correspondence dated April 8, 2025, to which no response is required. To the extent a response is required, Mr. Hayes admits only so much of Paragraph 28 as it alleges the existence of the correspondence dated April 8, 2025, in the form attached to The Countercomplaint as Exhibit A. Mr. Hayes respectfully refers the Court to Exhibit A for a complete statement of its contents and denies any allegations inconsistent therewith. Mr. Hayes denies all other allegations contained in Paragraph 28.

29. The allegations contained in Paragraph 28 of the Countercomplaint contain Cayuga's characterization of the correspondence dated April 8, 2025, to which no response is required. To the extent a response is required, Mr. Hayes admits only so much of Paragraph 28 as it alleges the existence of the correspondence dated April 8, 2025, in the form attached to The Countercomplaint as Exhibit A. Mr. Hayes respectfully refers the Court to Exhibit A for a complete statement of its contents and denies any allegations inconsistent therewith. Mr. Hayes denies all other allegations contained in Paragraph 29.

30. Mr. Hayes is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of the Countercomplaint, and therefore, denies the same.

31. The allegations contained in Paragraph 31 of the Countercomplaint contain Cayuga's characterization of the correspondence dated April 11, 2025, to which no response is required. To the extent a response is required, Mr. Hayes admits only so much of Paragraph 31 as it alleges the existence of the correspondence dated April 11, 2025, in the form attached to Mr. Hayes's Complaint as Exhibit G. Mr. Hayes respectfully refers the Court to Exhibit G for a

complete statement of its contents and denies any allegations inconsistent therewith. Mr. Hayes denies all other allegations contained in Paragraph 31.

32. The allegations contained in Paragraph 32 of the Countercomplaint contain Cayuga's characterization of the correspondence dated April 11, 2025, to which no response is required. To the extent a response is required, Mr. Hayes admits only so much of Paragraph 32 as it alleges the existence of the correspondence dated April 11, 2025, in the form attached to Mr. Hayes's Complaint as Exhibit G. Mr. Hayes respectfully refers the Court to Exhibit G for a complete statement of its contents and denies any allegations inconsistent therewith. Mr. Hayes denies all other allegations contained in Paragraph 32.

33. Mr. Hayes admits the allegations contained in Paragraph 33 of the Countercomplaint.

34. In response to the allegations contained in Paragraph 34 of the Countercomplaint, Mr. Hayes is without knowledge sufficient to form a belief as to the date upon which the Board purportedly voted in favor of issuing a 60-day notice to terminate Mr. Hayes's employment. Answering further, Mr. Hayes denies that any such vote was made in accordance with Cayuga's bylaws or the Employment Contract.

35. The allegations contained in Paragraph 35 of the Countercomplaint contain Cayuga's characterization of the correspondence dated May 1, 2025, to which no response is required. To the extent a response is required, Mr. Hayes admits only so much of Paragraph 35 as it alleges the existence of the correspondence dated May 1, 2025, in the form attached to The Countercomplaint as Exhibit B. Mr. Hayes respectfully refers the Court to Exhibit B for a complete statement of its contents and denies any allegations inconsistent therewith. Mr. Hayes denies all other allegations contained in Paragraph 35.

21248080.2

## FIRST COUNTERCLAIM
### (Breach of Employment Agreement)

36. Mr. Hayes incorporates the answers and objections in the preceding paragraphs as though fully set forth herein.

37. Mr. Hayes admits the allegations contained in Paragraph 37 of the Couningcomplaint.

38. The allegations contained in Paragraph 38 of the Countercomplaint contain Cayuga's characterization of the Employment Contract, to which no response is required. To the extent a response is required, Mr. Hayes admits only so much of Paragraph 38 as it alleges the existence of the Employment Contract, in the form attached to Mr. Hayes's Complaint as Exhibit B. Mr. Hayes respectfully refers the Court to Exhibit B for a complete statement of its contents and denies any allegations inconsistent therewith—particularly The Countercomplaint's calculation of his employment term. Mr. Hayes denies all other allegations contained in Paragraph 38.

39. Mr. Hayes admits the allegations contained in Paragraph 39 of the Countercomplaint.

40. Mr. Hayes admits the allegations contained in Paragraph 40 of the Countercomplaint.

41. Mr. Hayes admits the allegations contained in Paragraph 41 of the Countercomplaint.

42. The allegations contained in Paragraph 42 of the Countercomplaint contain Cayuga's characterization of Section 9 of the Employment Contract, to which no response is required. To the extent a response is required, Mr. Hayes admits only so much of Paragraph 42 as it alleges the existence of Section 9 of the Employment Contract, in the form attached to Mr.

Hayes's Complaint as Exhibit B. Mr. Hayes respectfully refers the Court to Exhibit B for a complete statement of its contents and denies any allegations inconsistent therewith. Mr. Hayes denies all other allegations contained in Paragraph 42.

43. The allegations contained in Paragraph 43 of the Countercomplaint contain Cayuga's characterization of Section 12 of the Employment Contract, to which no response is required. To the extent a response is required, Mr. Hayes admits only so much of Paragraph 43 as it alleges the existence of Section 12 of the Employment Contract, in the form attached to Mr. Hayes's Complaint as Exhibit B. Mr. Hayes respectfully refers the Court to Exhibit B for a complete statement of its contents and denies any allegations inconsistent therewith. Mr. Hayes denies all other allegations contained in Paragraph 43.

44. Mr. Hayes denies the allegations contained in Paragraph 44 of the Countercomplaint.

45. Mr. Hayes denies the allegations contained in Paragraph 45 of the Countercomplaint.

46. Mr. Hayes denies the allegations contained in Paragraph 46 of the Countercomplaint.

47. Paragraph 47 of the Countercomplaint contains a legal conclusion to which no response is required. To the extent a response is required, Mr. Hayes denies the allegations contained in Paragraph 47.

48. Paragraph 48 of the Countercomplaint contains a legal conclusion to which no response is required. To the extent a response is required, Mr. Hayes denies the allegations contained in Paragraph 48.

21248080.2

49. Paragraph 49 of the Countercomplaint contains a legal conclusion to which no response is required. To the extent a response is required, Mr. Hayes denies the allegations contained in Paragraph 49.

50. Paragraph 50 of the Countercomplaint contains a legal conclusion to which no response is required. To the extent a response is required, Mr. Hayes denies the allegations contained in Paragraph 50.

## SECOND COUNTERCLAIM
### (Breach of Fiduciary Duty and Duty of Loyalty)

51. Mr. Hayes incorporates the answers and objections in the preceding paragraphs as though fully set forth herein.

52. Paragraph 52 of the Countercomplaint contains a legal conclusion to which no response is required. To the extent a response is required, Mr. Hayes respectfully refers the Court to the Not-for-Profit Corporation Law (N.Y. N-PCL Law §§ 101-1617) for its legal obligations, and denies any allegation inconsistent therein.

53. Paragraph 53 of the Countercomplaint contains a legal conclusion to which no response is required. To the extent a response is required, Mr. Hayes respectfully refers the Court to the Not-for-Profit Corporation Law (N.Y. N-PCL Law §§ 101-1617) for its legal obligations, and denies any allegation inconsistent therein.

54. Mr. Hayes denies the allegations contained in Paragraph 54 of the Countercomplaint.

55. Mr. Hayes denies the allegations contained in Paragraph 55 of the Countercomplaint.

56. Mr. Hayes denies the allegations contained in Paragraph 56 of the Countercomplaint.

21248080.2

57.     Mr. Hayes denies the allegations contained in Paragraph 57 of the Countercomplaint

58.     Mr. Hayes denies the allegations contained in Paragraph 58 of the Countercomplaint.

59.     Paragraph 59 of the Countercomplaint contains a legal conclusion to which no response is required. To the extent a response is required, Mr. Hayes respectfully refers the Court to the Not-for-Profit Corporation Law (N.Y. N-PCL Law §§ 101-1617) and/or the Employment Contract for their terms, and denies any allegations inconsistent therein.

60.     Mr. Hayes denies the allegations contained in Paragraph 60 of the Countercomplaint.

61.     Mr. Hayes denies the allegations contained in Paragraph 61 of the Countercomplaint.

62.     Mr. Hayes denies the allegations contained in Paragraph 62 of the Countercomplaint.

63.     Paragraph 63 of the Countercomplaint contains a legal conclusion to which no response is required. To the extent a response is required, Mr. Hayes denies the allegations contained in Paragraph 63.

64.     Mr. Hayes denies the allegations contained in Paragraph 64 of the Countercomplaint.

65.     Mr. Hayes denies the allegations contained in Paragraph 65 of the Countercomplaint.

21248080.2

66. Paragraph 66 of the Countercomplaint contains a legal conclusion to which no response is required. To the extent a response is required, Mr. Hayes denies the allegations contained in Paragraph 66.

67. Mr. Hayes denies all other allegations of the Countercomplaint that he has not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Without prejudice to denials set forth in this Answer, and without admitting any allegations of the Countercomplaint not otherwise admitted, Mr. Hayes asserts the following affirmative defenses to the Countercomplaint without assuming the burden of proof for any such defense that would otherwise rest on Cayuga. Where no substantive law so provides, Mr. Hayes does not assume the burden of proof on any of the following defenses.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Countercomplaint is violative of Fed. R. Civ. P. 11 because it was brought for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Countercomplaint fails to state a claim upon which relief may be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Cayuga's breach of contract claim is barred, because Mr. Hayes fulfilled the obligations contained in the contract it entered into with Cayuga.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The Countercomplaint is barred as to Mr. Hayes by virtue of the doctrine of unclean hands.

21248080.2

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The Countercomplaint is barred, in whole or in part, by the doctrines of laches, waiver, release, ratification, and/or estoppel.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The Countercomplaint is barred, in whole or in part, by consent by Cayuga.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

The Countercomplaint is barred, in whole or in part, by the doctrine(s) of set-off and/or recoupment.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

If Cayuga has sustained any injuries or incurred any expenses, such were not caused by Mr. Hayes, but were caused in whole or in part by the acts or omissions others, whether individual, corporate, or otherwise, whether named or unnamed in the Countercomplaint, and for whose conduct Mr. Hayes is not legally responsible.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

If Cayuga has sustained any injuries or expenses, such were the result of intervening or superseding events, factors, occurrences, or conditions, and which were in no way caused by Mr. Hayes and for which Mr. Hayes is not liable.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The Countercomplaint is barred to the extent that Cayuga fails and/or already has failed to mitigate its respective damages.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

The Countercomplaint fails to state a claim for attorneys' fees.

21248080.2

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

The Countercomplaint is barred to the extent Cayuga would be unjustly enriched by any recovery against Mr. Hayes.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

At all times, Mr. Hayes's actions were taken in good faith and with economic justification.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Cayuga's breach of contract counterclaim is barred by Cayuga's preexisting breaches of the Employment Contract.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

The Countercomplaint fails to allege the existence of a related party transaction as defined by N-PCL § 102(a)(24).

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Any related party transaction alleged in the Countercomplaint falls under the safe-harbor exceptions provided in N-PCL § 715(i).

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

As permitted by N-PCL § 717(b), at all relevant times, Mr. Hayes was acting in good faith and in reliance on information, opinions, reports or statements prepared or presented by: (1) one or more officers or employees of the corporation, whom the director believes to be reliable and competent in the matters presented, or (2) counsel, public accountants or other persons as to matters which the directors, officers or key persons believe to be within such person's professional or expert competence.

21248080.2

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

The Countercomplaint is barred by any other matter constituting an avoidance or affirmative defense, and Mr. Hayes reserves the right to assert the same.

## <u>RESERVATION OF DEFENSES</u>

Mr. Hayes reserves all affirmative defenses under the Federal Rules of Civil Procedure, defenses under the laws of the United States and/or the State of New York, and any other defenses at law or in equity, that may now exist or in the future be available.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff/Counter-Defendant demands judgment in his favor and against Defendant/Counterclaimant on the Countercomplaint, that Defendant/Counterclaimant takes nothing, and that the Countercomplaint be dismissed with prejudice.

Date:   January 27, 2026

Respectfully submitted,

*/s/ Jacqueline Meese-Martinez*
Jacqueline Meese-Martinez (5514955)
Christina T. Hassel (OH #0088504 and IL #6297153) *pro hac vice*
Alexa R. Civittolo (OH #0103370) *pro hac vice*
Hahn Loeser & Parks LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Phone: (312) 637-3015
Email: jmeese-martinez@hahnlaw.com
        chassel@hahnlaw.com
        acivittolo@hahnlaw.com

Peter M. Katsaros (IL #3122661) *pro hac vice*
Hahn Loeser & Parks LLP
200 West Madison Street, Suite 2700
Chicago, IL  60606
Phone: (312) 637-3015
Email: pkatsaros@hahnlaw.com

*Attorneys for Plaintiff Edward Hayes*

14

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of January, 2026 a true and correct copy of the original of this document was submitted through CM/ECF for filing and service upon the attorneys of record in this action.

*/s/ Jacqueline Meese-Martinez*
Jacqueline Meese-Martinez

*One of the Attorneys for Plaintiff Edward Hayes*

15