USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 07/21/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

EDWARD HAYES,

Plaintiff,

-v-

CAYUGA HOME FOR CHILDREN, INC., et al.

Defendants.

---------------------------------------------------------------------X

25-cv-9333 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

Defendants Elaine Buffington ("Buffington"), Buffington & Hoatland CPAs, PLLC ("B&H") and Dannible & McKee, LLP's ("D&H") (collectively, the "Dannible Defendants") move, pursuant to Federal Rule of Civil Procedure 26(c), for an order staying further discovery against them pending a decision on their pending motion for judgment on the pleadings or, in the alternative, bifurcating and staying further discovery relating to Plaintiff's defamation and related state law claims against the Dannible Defendants. Dkt. No. 75. For the reasons that follow, the motion is denied.

Plaintiff Edward Hayes is the former President and Chief Executive Officer of Cayuga Home for Children, Inc. ("Cayuga Centers"), a not-for-profit organization located in New York. Dkt. No. 8 ¶ 4. Hayes' employment was terminated by Cayuga Centers effective June 2025. *Id.* ¶ 23. He alleges that Cayuga Centers breached his employment contract and discriminated against him in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634; the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290; and the New York City Human

Rights Law ("NYCHRL"), New York City, N.Y. Code § 8-101. *Id.* ¶¶ 77–135. He also alleges that the Dannible Defendants, along with Cayuga Centers, defamed him and intentionally inflicted emotional distress on him and that they, along with the Board Chairman of Cayuga Centers, tortiously interfered with his business relationship with Cayuga Centers. *Id.* ¶¶ 145–58. Cayuga Centers has answered the complaint and counterclaimed against Hayes for breach of his employment agreement and breach of fiduciary duty and the duty of loyalty. Dkt. No. 25 ¶¶ 36–66.

At the center of the dispute between Hayes and Cayuga Centers are claims that Hayes engaged in improper practices with respect to Cayuga Centers' use of federal funds. Dkt. No. 8 ¶ 5; Dkt. No. 25 ¶¶ 9–11. Hayes claims that he disclosed his practices with respect to the use of federal funds to Buffington and to B&H but that the two changed their position about the use of those funds under pressure from Cayuga Centers, leading to the termination of his employment. Dkt. No. 8 ¶ 5. The Dannible Defendants answered the complaint on January 19, 2026, Dkt. Nos. 37–39, but filed a motion for judgment on the pleadings on May 15, 2026, Dkt. No. 62. That motion is now fully submitted. *See* Dkt. Nos. 72–73. The Court entered a Case Management Plan and Scheduling Order on April 15, 2026, providing for all fact discovery to be completed by October 30, 2026. Dkt. No. 53.

A court may grant a motion to stay discovery pending decision on a motion to dismiss upon a showing of good cause by the moving party. *See P.C. v. Driscoll*, 2024 WL 3606511, at *1 (S.D.N.Y. July 30, 2024); Fed. R. Civ. P. 16(b)(4), 26(c)–(d). Courts consider "(1) [the] breadth of discovery sought; (2) any prejudice that would result, and (3) the strength of the motion." *Cota v. Art Brand Studios, LLC*, 2022 WL 767110, at *1 (S.D.N.Y. Mar. 14, 2022) (quoting *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72

(S.D.N.Y. May 22, 2013)). "[D]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Hong Leong*, 297 F.R.D. at 72 (quoting *Moran v. Flaherty*, 1992 WL 276913 at *1 (S.D.N.Y. Sept. 25, 1992)).

The Dannible Defendants' motion for judgment on the pleadings supports the grant of a stay, but the remaining two factors argue strongly against that result.

The Dannible Defendants argue that "[i]f a stay is not granted, discovery will involve significant document productions, responses to interrogatories and requests for admission, numerous depositions, expert discovery, and potentially third-party discovery related to Plaintiff's claims and Cayuga's defenses and counter-claims." Dkt. No. 75 at 2. But each of the Dannible Defendants is subject to the Court's subpoena power, Dkt. No. 80 at 2, and the documents and information Plaintiff seeks from the Dannible Defendants (and that presumably Cayuga Centers also may rely upon) would remain relevant even if the Dannible Defendants were dismissed from this case. The Dannible Defendants have not shown that the discovery that is being sought from them as a party is substantially broader than that to which they would be exposed as a non-party. *See Robbins v. Candy Digital Inc.*, 2025 WL 307243, at *1 (S.D.N.Y. Jan. 27, 2025); *Cambridge Cap. LLC v. Ruby Has LLC*, 2021 WL 2413320, at *3 (S.D.N.Y. June 10, 2021). To be sure, as party the Dannible Defendants might be forced to prepare expert reports that they would not need to prepare if they were non-parties, but expert discovery does not pose any present burden. If the Court has still not resolved the motion for judgment at the time fact discovery has concluded and expert discovery begins, the Dannible Defendants are free to renew their motion and move for a protective order against expert discovery.

A stay of discovery with respect to the Dannible Defendants would prejudice both Plaintiff and the remaining Defendants each of whom is entitled to have this case resolved

without undue delay. Regardless whether the Court grants the stay requested by the Dannible Defendants, discovery will proceed in this case. "If a stay were granted, Plaintiff would be required to complete this discovery now with the remaining defendants and then, if the [Dannible] Defendants' motion . . . is denied, redo the same discovery again." *Robbins*, 2025 WL 307243, at *1. That result would not be consistent with the objective of the Federal Rules to "secure the just, speedy, and inexpensive determination of [the] action." *Cambridge Cap.*, 2021 WL 2413320, at *3 (quoting Fed. R. Civ. P. 1).

The motion for a stay or bifurcation is denied. The Clerk of Court is respectfully directed to close the motion at Dkt. Nos. 75 and 80.

SO ORDERED.

Dated: July 21, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge